**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK COLSTON,

        Plaintiff,

v.                                               Case No. 07-CV-12726

GABRIEL CRAMER,

        Defendant.
        _____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S "MOTION FOR APPOINTMENT OF COUNSEL" AND
ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE
DISMISSED FOR LACK OF PROSECUTION**

On November 28, 2007, Magistrate Judge Paul A. Komives issued a report and recommendation ("R&R") in the above-captioned matter, recommending that the court deny without prejudice Plaintiff Mark Colston's motion to appoint counsel and further recommending that the court should *sua sponte* find that Defendant Gabriel Cramer is in default. Neither party filed objections to the report and recommendation. The court will, for the reasons stated below, adopt in part and reject in part the R&R.

Plaintiff, a prisoner in the custody of the State of Michigan, filed suit against Defendant, a former corrections officer. Plaintiff alleges that Defendant violated his constitutional rights by retaliating against him in a number of ways for exercising his First Amendment right to redress his grievances. (*See* Pl.'s Compl. at ¶¶ 1, 3-12.) On August 22, 2007, Plaintiff filed his "Motion for Appointment of Counsel." The R&R accurately summarizes Plaintiff's arguments. (R&R at 5.) The R&R also cites the

proper substantive law for deciding Plaintiff's request, noting that appointment of counsel in a civil case is not a constitutional right and stating some relevant factors for deciding the request. (*Id.* at 14-15.) Finally, the Magistrate Judge's analysis correctly evaluates Plaintiff's demonstrated ability to cite legal authority and otherwise effectively represent himself. (*Id.* at 15-16.) The court agrees that it should conclude at this juncture that appointment of counsel is not warranted. The court will therefore adopt this portion of the R&R and deny Plaintiff's motion for appointment of counsel.

The Magistrate Judge also recommends that the court find that Defendant has defaulted under Federal Rule of Civil Procedure 55. (R&R at 7-14.) Federal Rule of Civil Procedure 55 governs both defaults and default judgments. Rule 55(a) applies to entries of default, and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk* must enter the party's default," (emphasis added). Rule 55(b)(1) allows the clerk to also enter a default judgment in a few specified cases; otherwise, Rule 55(b)(2) provides that the court may enter a default judgment.

"An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)). As another district court has stated,

> [t]he section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that

entry of default by the clerk is a prerequisite to an entry of default judgment.[1]

*Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); s*ee also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985)) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local #245 of the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

The court follows the majority of courts in finding that a plain reading of Federal Rule of Civil Procedure 55 requires a clerk's entry of default before a court can enter a default judgment. Further, for an entry of default by the court "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, *sua sponte* entry of default by the court would be improper. The docket contains no request by Plaintiff for an entry of default by either the clerk of the court or the court itself. The court will therefore reject this portion of the R&R and it will not conclude that Defendant has defaulted. Accordingly,

IT IS ORDERED that the Magistrate Judge's November 28, 2007 Report and Recommendation [Dkt. # 10] is ADOPTED IN PART and REJECTED IN PART. Specifically, the court ADOPTS and incorporates by reference the Magistrate Judge's

---

[1]While there is an exception to this rule when a court enters a default judgment as a discovery sanction under Federal Rule of Civil Procedure 37, this exception does not apply here.

recommendation concerning appointment of counsel and the court REJECTS the recommendation with respect to entry of default.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Appointment of Counsel" [Dkt. # 7] is DENIED.

IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in writing **no later than April 9, 2008**, why the complaint should not be dismissed for failure to prosecute by not seeking a clerk's entry of default.[2]  The court will vacate this order to show cause if Plaintiff (1) seeks and obtains a clerk's entry of default and (2) before April 9, 2008 files a motion for default judgment, presenting the court with adequate evidence supporting the motion.[3]

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: February 26, 2008

---

[2] The court recognizes that Plaintiff may have been awaiting determination of his motion for appointment of counsel before he or his requested counsel would have taken more affirmative steps to resolve this case. The court is further aware that Plaintiff may have expected that the court would accept the R&R in total after Defendant failed to file any objections. Plaintiff has admittedly continued to pursue the case, as evinced by his pending January 14, 2008 filings: a motion for an evidentiary hearing and a petition for a writ of habeas corpus ad testificandum. These matters are properly for the Magistrate Judge to decide pursuant to the order referring pretrial matters. (8/3/07 Order.) The court cannot simply suspend the requirements of Rule 55(a), however. To give effect to those requirements, the court will order Plaintiff to show cause why the case should not be dismissed for failure to seek entry of default.

[3] The court expects that such adequate evidence would include substantive evidence (documentary or otherwise) concerning (1) how service of process of Plaintiff's complaint was effectuated against Defendant and (2) the nature and extent of the damages Plaintiff reasonably seeks.

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2008, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\07-12726.COLSTON.AdoptInPartR&R.2.wpd
5