UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK COLSTON,

        Plaintiff,

                                    Case Number 07-12726-BC

v.                                      Honorable Thomas L. Ludington

GABRIEL CRAMER,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S COMPLAINT AS DUPLICATIVE, AND DENYING PLAINTIFF'S MOTIONS AS MOOT

On June 28, 2007, Plaintiff Mark Colston ("Plaintiff"), an incarcerated pro se litigant, filed a civil rights complaint alleging that Defendant Gabriel Cramer ("Defendant"), a correctional officer, violated his rights to due process and equal protection guaranteed by the Fourteenth Amendment. Plaintiff alleges that Defendant mailed contraband to Plaintiff, a former resident of Hiawatha Correctional Facility, with the intent of subjecting Plaintiff to stricter scrutiny by prison officials. Plaintiff asserts that Defendant did so in retaliation because of another civil rights complaint he filed against her. The complaint also contends that the Michigan Department of Corrections ("MDOC") did not follow its own guidelines when it did not hold an administrative hearing to challenge restrictions placed on him as a result of the contraband mail. Plaintiff seeks, inter alia, injunctive relief, compensatory and punitive damages, and an order directing MDOC to conduct an administrative hearing. MDOC, however, was not named a defendant.

The Clerk's Office assigned the case to the Honorable Robert H. Cleland. On March 24, 2008, the case was reassigned to this Court because the complaint appeared to be related to a complaint previous filed before this Court (06-14842). On referral, Magistrate Judge Charles E.

Binder issued a report and recommendation that the Court dismiss Plaintiff's complaint because it is duplicative of the complaint in case 06-14842. Plaintiff filed an objection contending that the "invited error" doctrine, *citing Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984), and the "first to file" rule, *citing Church of Scientology of California v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), should guide this Court not to dismiss his complaint.

Before addressing Plaintiff's objection, the circumstances surrounding Plaintiff's previous filed complaint are pertinent. On October 26, 2006, Plaintiff filed a complaint asserting that Defendant sent contraband mail to Plaintiff with the intent of having prison officials classify him as a threat to security. Dkt. # 1 at ¶ 4-6 (06-14842). That complaint sought relief for a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. On June 7, 2007, the Court adopted a report and recommendation that Plaintiff's complaint be dismissed with prejudice for failure to exhaust available administrative remedies. Dkt. # 23 at 4 (06-14842).

Albeit Plaintiff's previous complaint and the instant complaint rely on different constitutional rights as a basis of his claim, both advance allegations relating to the same conduct against the same defendant. Thus, Judge Binder recommended dismissing the instant complaint with prejudice as duplicative. Plaintiff's objection advances two arguments that are ultimately inapplicable.

First, Plaintiff contends that the doctrine of "invited error" applies because the MDOC did not follow its own policies when it did not hold an administrative hearing. The "invited error" doctrine bars a litigant at the appellate level from "complain[ing] on appeal of errors which he himself induced or invited." *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984). This concept is inapplicable here for multiple reasons. First, the report suggests that the instant complaint is duplicative of a previous dismissed complaint. The doctrine appears to be wholly irrelevant to

whether the complaints are duplicative. Second, the invited error doctrine applies to whether an argument can be raised at the appellate level, not before a district court. Third, the action that serves as the factual basis of the invited error is that the MDOC allegedly did not follow its internal procedures. Plaintiff complains of conduct of a non-party, not that of Defendant. There is no demonstration that Defendant "invited" the error.

Next, Plaintiff suggests that the "first to file rule" provides an equitable basis for the Court to reject the report and recommendation. Dkt. # 27 at 8-9. The first-filed rule guides district courts in determining the appropriate venue when parties initiate similar actions in different venues. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The first-filed rule is inapplicable to the instant matter because venue is not at issue. The Court is not presented with multiple complaints filed by parties against each other in different venues. Instead, Plaintiff filed multiple complaints in the same venue. The first-filed rule is inapplicable.

Ultimately, the magistrate judge recommended dismissing the complaint because Plaintiff previously filed a complaint advancing similar allegations that was dismissed with prejudice. Upon review, the complaints are sufficiently similar, and Plaintiff has not offered a valid reason why the complaint is not duplicative. Therefore, the Court will adopt the report and recommendation and dismiss the complaint with prejudice.

Lastly, Plaintiff filed various motions that are moot in light of the duplicative nature of the complaint. Each will de denied as such.

Accordingly, it is **ORDERED** that the report and recommendation is [Dkt. # 23] is **ADOPTED**, Plaintiff's objection [Dkt. # 27] is **OVERRULED**, and Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for evidentiary hearing [Dkt. # 12], motion for default judgment [Dkt. # 18], motion for leave to file evidence [Dkt. # 22], and motion for guidance [Dkt. # 24] are **DENIED** as moot.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: August 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2008.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS